**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**RONALD JARVI,**

       **Plaintiff,**         **CIVIL ACTION NO. 12-cv-11943**

  **vs.**

                        **DISTRICT JUDGE DENISE PAGE HOOD**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Ronald Jarvi seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to social security disability benefits under 42 U.S.C. § 405(g) but that he was entitled to Supplemental Security Income. (Docket no. 1; *see* docket no. 8 at 3-4.) Plaintiff additionally seeks redress for (1) an "unconstitutional statute," (2) Administrative Law Judge (ALJ) McKay's violation of Judge White's order, (3) a conspiracy to defraud involving Defendant, (4) various alleged procedural violations by Defendant, (5) a failure to award worker's compensation disability benefits in 1980, and (6) the loss of several pieces of real property; Plaintiff also makes what appear to be several other incomprehensible claims. (*See* docket no. 1.) Before the Court is Defendant's Motion to Dismiss (docket no. 8). The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

**I.**      **RECOMMENDATION:**

This Court recommends that Defendant's Motion to Dismiss (docket no. 8) be GRANTED as to all applicable claims and that the Court dismiss, sua sponte, any remaining claims under 28 U.S.C. § 1915(e)(2)(B).

## II. PROCEDURAL HISTORY[1]:

Plaintiff filed an application for Disability Insurance Benefits and for Supplemental Security Income with a protective filing date of June 1, 1991. (Docket no. 8-1 ¶ 3, Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review, Branch 3, Office of Disability Adjudication and Review, Social Security Administration ("Declaration").) The Social Security Administration denied benefits; Plaintiff requested a *de novo* hearing, which was held on February 10, 2012, before ALJ McKay, who subsequently found that Plaintiff was not entitled to Disability Insurance Benefits through September 30, 1983, his date last insured, but that he was entitled to Supplemental Security Income. (*See* Declaration.) On April 30, 2012, Plaintiff filed this civil action; he filed no appeal with the Social Security Appeal Council. (Declaration ¶ (3)(c).) Defendant filed an Application to Proceed In Forma Pauperis (docket no. 2), which was granted on May 5, 2012 (docket no. 5). Defendant filed his Motion to Dismiss (docket no. 8), Plaintiff filed a Response (docket no. 13), Defendant filed a Reply (docket no. 14), and Plaintiff filed a second Response (docket no. 15).

## V. LAW AND ANALYSIS

### A. Disability Insurance Benefits Claims

To the extent that Plaintiff questions the ALJ's decision, Defendant argues that the Court does not have jurisdiction over this matter because Plaintiff did not file a timely appeal with the Appeals Council; thus Defendant's decision is not a "final" decision. (Docket no. 8 at 4-5.) Under

---

[1] The Court will adopt Defendant's account of the procedural history in this matter as Plaintiff has not provide any such history in his various pleadings; no transcript has been filed.

42 U.S.C. § 205(g), an individual may obtain review of a final decision of the commissioner through a civil action. And under Section 205(h), "no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in the Act]." *Id.* § 205(h).

On February 10, 2012, Defendant issued a partially favorable decision to Plaintiff and "advised Plaintiff that if he disagreed with the decision, he could file an appeal with the Appeals Council withing 60 days of the date he received the decision." (Declaration ¶ (3)(b).) Plaintiff filed no appeal, yet he commenced this action on April 30, 2012. Thus, the Court agrees with Defendant. Plaintiff's complaint is not timely and should be dismissed for that reason.

      **B.**      **Miscellaneous Claims**

To the extent that Plaintiff raises other allegations against Defendant or Defendant's employees, judicial officers, or other affiliated parties, 28 U.S.C. § 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding In Forma Pauperis and sua sponte dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or seeks monetary relief against a defendant who is immune from such relief. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and

draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Plaintiff's complaint is set forth over 28 counts, each alleging a myriad of arguments and assertions with very few statements of fact. Liberally construed, Plaintiff appears to make the following allegations:

- The ALJ issued a partially favorable decision (docket no. 1 at 1);

- An employee at the Social Security Commission told Plaintiff that he should fine a new application (*id.*);

- Plaintiff's mailbox is locked; he was hospitalized in the time leading up to his filing of his Complaint (*id.* at 2);

- Plaintiff lives outside of Yale, MI (*id.*);

- ALJ McKay violated an order from another Judge, "Judge White," and did not include the order as an exhibit at his hearing (*id.* at 2-3);

- The opinion of a "Dr. Dryer" was omitted from his hearing (*id*. at 3);

- Plaintiff never lived near Royal Oak, but the Royal Oak police were consulted for some reason in this matter (*id.* at 4);

- Plaintiff lost his driver's license sometime between 1979 and 1983 (*id.*);

- Plaintiff lost (for an undisclosed reason) real property in Rochester, MI, and Yale, MI (*id.* at 5, 7);

- In 1989, the Department of Veteran's Affairs ruled that Plaintiff was permanently disabled (*id.* at 6);

- Plaintiff was evicted from properties in Detroit, MI, Clifford, MI, Burnside, MI, and Ferndale, MI (*id.* at 8);

- A Vocational Expert testified at Plaintiff's hearing that no jobs existed that "Plaintiff would have been able to do relating back to [a] closed period" (*id.* at 9);

- Plaintiff's attorney did not give a closing statement at his hearing (*id.* at 9-10);

- Plaintiff's attorney provided the ALJ with a 51-page brief (*id*. at 10); and

- Plaintiff's attorney demanded a $1,000 payment for the release of Plaintiff's file (*id.*).

Even assuming that these allegations are true, they do not plausibly give rise to an entitlement to relief against Defendant. Therefore, the Court recommends dismissing Plaintiff's remaining claims.

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (docket no. 8) should be GRANTED as to all applicable claims, and the Court should dismiss, sua sponte, any remaining claims under 28 U.S.C. § 1915(e)(2)(B).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 7, 2013         s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 7, 2013         s/ Lisa C. Bartlett
                                                 Case Manager