**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONALD W. JARVI,

   Plaintiff,

v.               Case No. 12-11943
                Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
GRANTING MOTION TO DISMISS and DISMISSING ACTION**

   This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation [**Doc. No. 16, filed February 7, 2013**].  Plaintiff Ronald W. Jarvi filed Objections to the Report and Recommendation on February 28, 2013.

   Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge to the extent Plaintiff is seeking review of the ALJ's decision, the Court does not have the authority to review such, because Plaintiff failed to appeal the decision to the Appeals Council. The Court further agrees with the Magistrate Judge that in any event, the action was untimely filed.

As to Plaintiff's remaining claims, including Plaintiff's allegations in his Objections that he is seeking to repeal unconstitutional statutes, the Court finds that these allegations fail to state a claim upon which relief may be granted under Rule 12(b)(6) of the Rules of Civil Procedure, even if the Court liberally construes Plaintiff's claims. *See, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). The claims alleged in Plaintiff's Complaint fails to meet the requirements of the federal rules.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Doc. No. 16, filed February 7, 2013]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss **[Doc. No. 8, filed July 17, 2012]** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 18, filed February 28, 2013]** are **OVERRULED**.

2

**IT IS FURTHER ORDERED** that this action is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that any appeal by Plaintiff from this Court's Order is frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager